GENOVESE, J., would grant this writ for the following reasons:
This case presents an allotment issue. Because the victim in this rape case was unable to articulate the exact date(s) of the offense, the judge handling the defendant's bond review hearing directed the clerk of court to randomly allot the case pursuant to a local court rule in the Nineteenth Judicial District Court calling for random allotment when the date of the offense is indeterminate.
Six months later, a grand jury indicted the defendant reciting the offense to have occurred "between the approximate dates of September 1, 2015[,] through May 28, 2016." With the approximate dates now established, defendant filed a "Motion for Proper Allotment of a Felony Criminal Case."
According to Rule No. 14.0, Appendix 14.14.0A, of the Nineteenth Judicial District Court Local Rules, the reallotment of this case is to go "to the section of court on duty on the determined date." In adhering to the mandate of this local rule, the presiding trial judge correctly allotted the case to the judge "on duty on the determined date."
The court of appeal disregarded said local rule and reversed the trial court, thereby injecting a non-existent timeline into the local rule and requiring the defendant to show bias. The local rule speaks for itself and does not set forth any timeline nor does it require any showing of bias. Because the court of appeal failed to adhere to the Nineteenth Judicial District Court's local rule on allotment, I would reverse the court of appeal and reinstate the trial court's ruling.